UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---------------------------------------------------------------------x

SISTER LASHON HARPER,

               Plaintiff,

-against-

COMPTROLLER, #2008P1008088, #2008P1009629;
BROOME COUNTY BUS TRANSIT 20092327;
MCDONALDS 20082684 RJI 20090686M
CHILD PROTECTIVE SERVICES (YVETTE FRITH
RAYMOND, NELSON ALGARIN) BROOKLYN DSS;
OFFICE OF CHILDREN AND FAMILY SERVICES
19538/08; ACS 19533/08; SCO 19535/08; QUEENS
FAMILY COURT 115769108; SCO 19535/08; NEW
YORK CITY POLICE DEPARTMENT 19531/08;
NEW YORK CITY HOUSING AUTHORITY 19528/08;
NEW YORK STATE TROOPER 117322; NEW YORK
BOARD OF EDUCATION (CYNTHIA DICKMAN);
QUEENS FAMILY COURT (JUDGE MARYBETH
SARAH RICHROATH); 18B LAWYERS; TERESITA
MORALES; ROBIN STONE; EIN BINDER; GUARDIAN
AT LITEMS; LEE ELMORE; RICHARD PICCOLA;
LAW GUARDIANS; KATHERINE SIMONE REDDIN;
STEVEN FORBES; DANIEL LUBETSKY; ACS LAWYER;
CHRISTINE WHALENS REINLE; JOHN MATTINGLY;
ACS WORKERS; ROLONO ROMAN; JENNIFER COOPER;
RENEE CLEMENT; SLOAN GATES; SCO FAMILY SERVICES
INC./SAINT CHRISTOPER OTTLIE INC.; FRANK POMPEI;
TERESA TUCKER; ZORINA CANATE; FRANCIS PHILOBOS;
MARVA FORD; NEW YORK STATE TROOPERS; TAMMY
MICHA; BETH DIBBLE; NEW YORK CITY POLICE
DEPARTMENT; RAYMOND KELLY; 114TH PCT.;
DET. MOORE; DET. COLLINS; OFFICER LEWIS, 103RD PCT.;
PSAQ; NEW YORK CITY HOUSING AUTHORITY; MS. CHEN;
MS. GRIMES; PATRICIA BARNETTE ET AL.,

               Defendants.

**MEMORANDUM AND ORDER**
11-CV-1972 (JG)

---------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

      Plaintiff Sister Lashon Harper, brings this *pro se* action pursuant to 42 U.S.C. § 1983

1

alleging civil rights violations against a vast number of defendants. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff's false arrest claims and her claims against the Administration for Children's Services ("ACS") are dismissed. Plaintiff is granted thirty (30) days leave to amend her complaint as set forth below.

BACKGROUND

Plaintiff alleges that her three children were removed from her custody after a court hearing on August 30, 2006 and she

> has not seen her son Deyquan Malik Bellamy since 12/07, her daughters Jadde Lynette Bellamy, and Ashanti Grace Harper since 7/09 in a Permanency Hearing. Sister Lashon Harper has no physical contact with [the] children. Sister Lashon Harper do not know where any of her children temporarily stay. Plaintiff Sister Lashon Harper knows not what schools her children attend. Plaintiff Sister Lashon Harper ha[s] not forfeited her natural guardianship. Plaintiff Sister Lashon Harper ha[s] not given authorization to have children medicated.

Compl. Doc. 1-2 at 48, 57 and Compl. Doc. 1-3 at 38. Plaintiff states that "[d]efendants ACS et als [sic] clear intent is to maliciously dep[rive] plaintiff . . . the natural right to rear her children without their meritless intervention." Compl. Doc. 1-2 at 45-46. She further alleges that defendants "ACS et al have been fact finding since 2006, and are fact finding this day. . . . Feb. 02, 2010 was suppose[d] to have been a perm[anency] hearing. In fact it was fact finding and the perm[anency] hearing. Plaintiff . . . was put on the stand." Compl. Doc. 1-2 at 47.

Plaintiff further claims that she was falsely arrested on December 22, 2005, "for the assault of Cynthia Dixon on Dec. 12, 2005." Compl. Doc. 1-2 at 35. On May 1, 2006, she was "falsely arrested for the second time by defendants from the 114th Pct., Det. Collins, [and] Det. Moore. Compl. Doc. 1-2 at 33. It appears that plaintiff was arrested for violating an order of

2

protection against plaintiff by Cynthia Dixon, who was the Principal of the school plaintiff's children attended. Compl. Doc. 1-2 at 31, 34. Plaintiff seeks declaratory and injunctive relief. Compl. Doc. 1 at 5.

## DISCUSSION

A.  *Standard of Review*

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* her submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

B.  *The False Arrest Claims*

Plaintiff's false arrest claims are clearly time-barred. The statute of limitations for actions brought pursuant to § 1983 is three years. Owens v. Okure, 488 U.S. 235, 249-51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (finding that the statute of limitations for § 1983 actions in New York State is three years, citing N.Y. C.P.L.R. § 214(5) (McKinney's)). Here, plaintiff's first arrest occurred on December 22, 2005 and her second arrest occurred on May 1, 2006. Since more than three years elapsed between those arrests and the filing of the instant

complaint, and plaintiff provides no basis for equitable tolling, plaintiff's false arrest claims are time-barred and are therefore dismissed with leave to replead. Plaintiff is advised that the statute of limitations period may be extended if the claimant "is under a disability because of infancy or insanity at the time the cause of action accrues." McKinney's C.P.L.R. § 208. New York also allows equitable tolling when the plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007) (quoting Doe v. Holy See (State of Vatican City), 17 A.D.3d 793, 793 N.Y.S.2d 565 (3d Dep't 2005). Here, plaintiff has not asserted any impediment to bringing her false arrest claims within the limitations period, such as a disability or any acts by defendants that prevented her from timely commencing suit.

C.   *The Child Custody Claims*

As an initial matter, plaintiff has improperly named the Administration for Children's Services ("ACS") as a defendant. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Claims against the City of New York's agencies are deemed to be claims against the City of New York, and it is well-established that ACS cannot be sued directly. Porter v. City of New York, No. 03 CV 6463, 2007 WL 1791149, at *7 (E.D.N.Y. June 19, 2007); Johnson v. New York et al., No. 04 CV 1070, 2007 WL 764514, at *5 (E.D.N.Y. Mar. 9, 2007). Accordingly, plaintiff's claims against ACS are dismissed.

In order to maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing

4

Parratt v. Taylor, 451 U.S. 527 (1981)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.  Here, plaintiff alleges that she has lost custody of her children based on what appears to be abuse allegations.  The Supreme Court has held that "[t]he liberty interest . . . of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65 (2000); Kia P. v. McIntyre, 235 F.3d 749 (2d Cir. 2000) (the liberty interest of parent and child in continued care and companionship has both procedural as well as substantive elements); Tenenbaum v. Williams, 193 F.3d at 592, 599 (2d Cir. 1999). Generally, due process requires that a parent has a right to a hearing before they can be deprived of the custody of their children without their consent.  Stanley v. Illinios, 405 U.S. 645, 649 (1972).  However, in emergency circumstances, a child may be taken into custody by the State without court authorization or parental consent. Nicholson v. Scoppetta,  344 F.3d 154, 171 (2d Cir. 2003); Cornejo v. Bell, Nos. 04 CV 341, 06 CV 2910, 2008 WL 5743934, at *7 (E.D.N.Y. May, 19 2008).

      Here, plaintiff's instant complaint fails to allege any specific facts to support her claim that she was deprived of procedural or substantive due process rights by the named defendants in connection with the removal and custody of her children. In fact, she states that her children were removed from her custody after a court hearing on August 30, 2006.  Moreover, she states that the last time she saw her daughters was at a permanency hearing in July of 2009.  Compl. Doc. 1-2 at 48, 57 and Compl. Doc. 1-3 at 38.  She further states that on February 2, 2010, she attended a permanency hearing and testified.  Compl. Doc. 1-2 at 47.  Thus, it appears that plaintiff received her due process rights and her allegations are insufficient to state a claim that

5

defendants violated her constitutional rights.

D.     *Leave to Amend*

In light of plaintiff's *pro se* status, she will be granted 30 days leave to amend her complaint.  Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).  Should plaintiff elect to file an amended complaint, she is directed to name as proper defendants those individuals who have some personal involvement in the custody allegations she sets forth in the amended complaint and provide specific factual allegations, dates and locations for each relevant event.  In addition, plaintiff shall set forth what state court proceedings were held regarding the removal of her children. Plaintiff should also state the outcome of said proceedings.  If plaintiff has a basis for the equitable tolling of the three-year statute of limitations applicable to her false arrest claims, she is granted leave to replead.  Plaintiff is cautioned that her existing complaint is lengthy and extremely difficult to follow; her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide a short, plain statement of claim against each defendant.

Plaintiff's amended complaint must be submitted to the Court within thirty (30) days from the date of this Order, be captioned as an "Amended Complaint" and bear the same docket number as this Order.  Plaintiff is advised that any amended complaint she files will completely replace the original complaint.  All further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order.  If plaintiff fails to comply with this Order within the time allowed, the case will be dismissed.

## CONCLUSION

Accordingly, plaintiff's false arrest claims and plaintiff's claims against the

Administration for Children's Services are dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days leave, from the date of this Order, to amend her complaint as detailed above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                          JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
       October 3, 2011