UNITED STATES DISTRICT COURT  NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

SISTER LASHON HARPER,

        Plaintiff,  MEMORANDUM
          AND ORDER

     -against-  11-CV-1972 (JG)

COMPTROLLER, #2008P1008088, #2008P1009629;
BROOME COUNTY BUS TRANSIT 20092327;
MCDONALDS 20082684 RJI 20090686M
CHILD PROTECTIVE SERVICES (YVETTE FRITH
RAYMOND, NELSON ALGARIN) BROOKLYN DSS;
OFFICE OF CHILDREN AND FAMILY SERVICES
19538/08; ACS 19533/08; SCO 19535/08; QUEENS
FAMILY COURT 115769108; SCO 19535/08; NEW
YORK CITY POLICE DEPARTMENT 19531/08;
NEW YORK CITY HOUSING AUTHORITY 19528/08;
NEW YORK STATE TROOPER 117322; NEW YORK
BOARD OF EDUCATION (CYNTHIA DICKMAN);
QUEENS FAMILY COURT (JUDGE MARYBETH
SARAH RICHROATH); 18B LAWYERS; TERESITA
MORALES; ROBIN STONE; EIN BINDER; GUARDIAN
AT LITEMS; LEE ELMORE; RICHARD PICCOLA;
LAW GUARDIANS; KATHERINE SIMONE REDDIN;
STEVEN FORBES; DANIEL LUBETSKY; ACS LAWYER;
CHRISTINE WHALENS REINLE; JOHN MATTINGLY;
ACS WORKERS; ROLONO ROMAN; JENNIFER COOPER;
RENEE CLEMENT; SLOAN GATES; SCO FAMILY SERVICES
INC./SAINT CHRISTOPER OTTLIE INC.; FRANK POMPEI;
TERESA TUCKER; ZORINA CANATE; FRANCIS PHILOBOS;
MARVA FORD; NEW YORK STATE TROOPERS; TAMMY
MICHA; BETH DIBBLE; NEW YORK CITY POLICE
DEPARTMENT; RAYMOND KELLY; 114TH PCT.;
DET. MOORE; DET. COLLINS; OFFICER LEWIS, 103RD PCT.;
PSAQ; NEW YORK CITY HOUSING AUTHORITY; MS. CHEN;
MS. GRIMES; PATRICIA BARNETTE ET AL.,

        Defendants.
-----------------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

      On April 18, 2011, plaintiff Sister Lashon Harper, filed this *pro se* action pursuant

1

to 42 U.S.C. § 1983 alleging civil rights violations against a vast number of defendants.  By Order dated October 3, 2011, I granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed plaintiff's false arrest claims and her claims against the Administration for Children's Services ("ACS") and granted plaintiff thirty (30) days' leave to amend her complaint.  Plaintiff was cautioned that her complaint was lengthy and extremely difficult to follow and that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide a short, plain statement of her claim against each defendant.  By Order dated October 24, 2011, Magistrate Judge Bloom granted plaintiff's October 17, 2011 request for an extension of time to file her Amended Complaint and directed plaintiff to file her Amended Complaint by November 23, 2011.

On November 28, 2011, plaintiff filed a 246-page, 1051-paragraph amended complaint.  Plaintiff's amended complaint, like her original complaint, was rambling and incomprehensible.  On November 8, 2011, plaintiff filed an 87-page letter in support of her complaint that was similarly challenging to follow.  Thereafter, by Order dated December 14, 2011, I dismissed plaintiff's amended complaint without prejudice, finding that there was simply no way that any defendant would be able to discern plaintiff's allegations and meaningfully respond to them.  Judgment was entered the following day.  Plaintiff now files a motion, dated January 4, 2012, seeking reconsideration of my dismissal order.[1]  Plaintiff also filed an application for appointment of pro bono counsel.  The Court will construe plaintiff's motion as one for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  For

---

[1] Although plaintiff's motion is seemingly directed to Magistrate Judge Bloom, I will decide it.

2

the following reasons, the motions are denied.[2]

## DISCUSSION

Rule 60 (b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Second Circuit has held that because Rule 60(b) allows extraordinary judicial relief, it may be invoked only if the moving party meets its burden of demonstrating "exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation omitted); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). In order to grant such relief, the Court "must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possess a meritorious claim in the first instance." *Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 77 (E.D.N.Y. 1999) (quoting *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y. 1998)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not simply a second opportunity for the movant to advance arguments already rejected." *Koehl v. Warden*, No. 00 CV 6499 (NGG), 2007 WL 680767, at *1 (E.D.N.Y. Mar. 2, 2007) (internal quotation marks omitted).

---

[2] Considering plaintiff's motion under Rule 59(e) would produce the same outcome.

The strict requirements of Rule 60(b) apply even to *pro se* litigants. *See Flaherty v. Hackeling*, 221 F.R.D. 383, 386 (E.D.N.Y. 2004); *see also Fetik v. N.Y. Law Sch.*, No. 97 Civ. 7746 (DLC), 1999 WL 459805, at *3 (S.D.N.Y. June 29, 1999) ("[A *pro se* plaintiff] is not excused from producing highly convincing evidence in support of her motion to vacate a final judgment." (internal quotation marks omitted)).

Plaintiff's motion lacks merit. It does not point to any authority or evidence that the Court overlooked in dismissing her action. Thus, plaintiff has not provided any arguments that fall into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5), and does not present "extraordinary circumstances" justifying relief under the catch-all provision of Rule 60(b)(6).

## CONCLUSION

Accordingly, plaintiff's motion for reconsideration under Rule 60(b) and her motion for appointment of pro bono counsel are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
January 26, 2012